CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
2/6/22
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| RICKY R. LAWSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:22CV7 |
| ) | **JURY DEMANDED** |
| JUSTIN D. DALTON, and ) | |
| TYSON FOODS, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now the Plaintiff, Ricky R. Lawson, by and through counsel, and sues these Defendants Justin D. Dalton and Tyson Foods, Inc. In support of their cause of action, Plaintiff would show unto this Court as follows:

### PARTIES

1. The Plaintiff, Ricky R. Lawson, is and was at all material times herein residents of 4711 Stapleton Road, Morristown, TN 37813.

2. The Defendant, Justin D. Dalton, is and was at all material times herein a resident of Oklahoma, currently residing at 2327 S. Beech Ct, Broken Arrow, OK 74012, and may be served with process at the same address.

3. The Defendant, Tyson Foods, Inc, is and was at all material times herein a corporation with its principal place of business located at 2200 Don Tyson Parkway, Springdale, AZ 72762, and may be served with process through its Registered Agent, CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6808.

1

4. The Defendant, Tyson Foods, Inc, is and was at all material times herein a commercial carrier who employed the Defendant Justin D. Dalton as a professional tractor trailer driver.

## JURISDICTION AND VENUE

5. Jurisdiction is proper within federal court, pursuant 28 U.S.C. § 1332 as Plaintiff is and was a citizen of Tennessee at all material times herein, Defendant Justin Dalton is and was resident of Oklahoma at all material times herein. The Defendant Tyson Foods, Inc. is and was an Arizona corporation, domiciled in Springdale, as aforesaid, at all material times herein. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and omissions giving rise to this action occurred in this judicial district and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## FACTS

6. This is a personal injury action arising out of a motor vehicle collision which occurred on or about May 23, 2020 at approximately 7:07A.M., on BM I-81 near Enterprise Road in Washington County, Virginia.

7. On the date, time, and location aforesaid, Plaintiff Ricky R. Lawson was operating a 2021 Toyota Camry bearing the Florida license plate number LKXQ58, that was rented to him.

8. The Toyota Camry was owned by Enterprise Rental Service at the time of the collision.

9. On the same date, time, and location aforesaid, Defendant Justin D. Dalton was operating a 2021 Kenworth Tractor Trailer, VIN number 1XKYD49X8MJ425212, bearing an Oklahoma license plate 3EL604.

10. On the date, time, and location aforesaid, and at all material times herein, the tractor trailer operated by Defendant Justin Dalton. It is believed the tractor trailer was owned by

Defendant Tyson Foods, Inc., whose street address is, and was at the time of the collision, 2200 Don Tyson Parkway, Springdale, AZ 72762.

11. On the date, time, and location aforesaid, and at all material times herein, the tractor trailer driven by Defendant Justin Dalton was being operated and used with the authority, consent, and knowledge of Defendant Tyson Foods, Inc., for Tyson Foods, Inc.'s use and benefit, and within the course and scope of Defendant Justin Dalton's employment.

12. On the date, time, and location aforesaid, Plaintiff Ricky Lawson was traveling northbound roadway on BM I-81 when Defendant Justin Dalton, who had been likewise traveling northbound on BM I-8. Defendant Dalton made an unsafe lane change into Plaintiff's lane of travel. Defendant Justin Dalton violently struck Plaintiff's vehicle with such great violence and force and the collision it caused Plaintiff's vehicle to be pushed into the dirt median off the interstate.

13. Said collision was the actual and proximate cause of the Plaintiff's injuries and damages as set forth below.

14. Plaintiff Ricky Lawson did not act negligently or violate any laws at any time during the course of events leading up to or during the collision.

### INJURIES AND DAMAGES TO THE PLAINTIFF

15. As a result of the collision, Plaintiff Ricky Lawson sustained serious injuries of body and mind, and he was transported to the Johnston Memorial Hospital via emergency ambulance from the scene of the collision. He suffered physical injuries and severe pain from those injuries. In the medical records for his visit, he had been diagnosed with a mild multilevel degenerative disc disease with no fracture subluxation or both lumbar and thoracic spine.

16. After several days of pain following the collision, Plaintiff's employer sent him to seek medical treatment through worker's compensation at HealthStar Physicians in Morristown, TN. He was scheduled for an MRI on June 8, 2021, at Outpatient Diagnostic Center which revealed a fracture of the L1- vertebral body, mild buckling of the superior endplate. The fracture demonstrated a burst component.

17. Plaintiff returned to HealthStar and was diagnosed with a fracture along with bilateral thumbs, face numbness and whiplash.

18. Plaintiff followed up with Ortho Tennessee on June 15, 2021 and was given a brace, pain relievers and instructions to return. Ultimately, Plaintiff underwent an LI Kyphoplasty, biplanar fluoroscopy and bone biopsy on August 6, 2021. Later, Plaintiff began physical therapy on August 30, 2021.

19. Mr. Lawson has not had any relief in his pain and has developed right sided sciatica, hand tremors, and is unsteady on his feet, all of the forgoing a proximate result of the collision.

## LIABILITY OF THE DEFENDANTS

20. Defendant Justin Dalton is guilty of the following acts and/or omissions on the date, time, and location aforesaid, which constitute negligence:

    a.   Failing to maintain the vehicle he was operating under due and reasonable care;

    b.   Failing to maintain a due and proper lookout in the direction in which he was maneuvering the vehicle;

    c.   Failing to devote adequate care and attention to the position of the vehicle in relation to other vehicles around him;

    d.   Failing to drive safely and in a manner as to ensure the safety of the those around him; and

    e.    Otherwise failing to avoid a collision when, in the exercise of due and reasonable care, the Defendant could have done so.

21. Defendant Justin Dalton is further guilty of the following acts and/or omissions on the date and time aforesaid, which constitute negligence *per se*:

    a.    Driving recklessly in violation of Virginia Code Annotated § 46.2-852;

    b.    Driving improperly in violation of Virginia Code Annotated § 46.2-869;

    c.    Driving with defective equipment in violation of Virginia Code Annotated § 46.2-1003.

22. Defendant Justin Dalton is liable for Mr. Lawson's damages in this cause of action because Defendant Dalton's negligence directly and proximately caused said damages.

23. Defendant Tyson Foods, Inc. is also likewise liable for Mr. Lawson's damages in this cause of acting pursuant to the legal doctrine of respondeat superior and agency.

24. As a direct and proximate cause of the Defendants' negligence aforesaid, Plaintiff sustained serious, painful, and debilitating injuries of body and mind, which have required him to incur or become liable for certain medical treatment and other expenses, including probable future medical expenses and treatment.

25. Plaintiff Ricky Lawson's injuries are permanent in nature. Mr. Lawson continues to experience and be medically treated for pain, suffering, and mental anguish, as well as his overall medical conditions, as a direct and proximate result of the collision. He will continue to require and receive said medical treatment in the future.

26. Mr. Lawson has suffered a reduction in his capacity to work as a direct and proximate result of the injuries he sustained in the collision. Simply put, Plaintiff cannot work for his current

employer in the capacity he was employed at the time of the wreck. He has and will sustain huge loss of income and wages.

27. Plaintiff Ricky Lawson avers that the medical, hospital, and doctor bills incurred are reasonable and necessary for the treatment of the injuries he sustained as a direct and proximate result of the Defendants' negligence.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That a copy of this Complaint be served upon both Defendants and that they be required to answer within the time prescribed by law.
2. That the Plaintiff, Ricky Lawson, be awarded damages in an amount the jury deems reasonable and fair, not to exceed the sum of three million five hundred thousand dollars ($3,500,000.00) for bodily injuries, permanent disabilities, physical pain and suffering, mental anguish, present and future medical and related expenses, loss of ability to earn and impairment of future earning capacity, wrongful deprivation of his ability to enjoy life, and other damages as may be shown at the trial of this cause.
3. That all costs, including, but not limited to, discretionary costs, be taxed to and paid by the Defendants.
4. That the Plaintiff be awarded such other, further, and general relief as the proof may show to be proper and to which the Court may deem him to be entitled.
5. The Plaintiff demands a jury to try the issues between the parties.

Respectfully submitted this 6th day of February, 2022.

CHARLES BLEDSOE, VA BPR 27950
408 Wood Ave E.
Big Stone Gap, VA 24219
*Attorney for Plaintiff*

by permission

JAMES A. H. BELL, TN BPR# 000775
Law Offices of James A.H. Bell, P.C.
10 Emory Place
Knoxville, TN 37917
(865) 637-2900
TN BPR 775
*Attorney for Plaintiff*
(Application for *Pro Hac Vice* pending)